Benny J. BERRY and Wife, Linda Ray Berry, Appellants,

v.

FIRST NATIONAL BANK OF OLNEY, a National Bank Corporation, Olney, Texas, Appellee.

No. 2–94–076–CV.

Court of Appeals of Texas, Fort Worth.

March 10, 1995.

Law Offices of David E. Davis, and David E. Davis, Wichita Falls, for appellants.

W.W. Price, Jr., Olney, for appellee.

Before LATTIMORE, DAY and PAUL S. COLLEY (Retired), Sitting by Assignment, JJ.

## OPINION

DAY, Justice.

Benny J. and Linda Ray Berry (the Berrys) appeal the trial court's granting of summary judgment in favor of the First National Bank of Olney (the Bank). We affirm the summary judgment.

In 1988, the Berrys negotiated with Karla D. Baker Jenne for the purchase of the Olney Inn Motel. The Berrys and Jenne entered into a sales contract providing for the purchase of the motel for $102,800. Prior to the consummation of the sale, the Berrys contacted the Bank for a loan. The Bank and the Berrys had no prior relationship at that time. The Bank held a first lien deed of trust on the motel property for $26,543.23. Jenne paid off that mortgage at closing.

The Bank agreed to loan the Berrys $26,500 for the purchase of the motel. Bill Hannis, a vice-president and commercial loan officer of the Bank, allegedly told the Berrys during the loan negotiations that the purchase price was a "good deal" and that he had considered contacting a friend in the motel business about the sale of the motel. At the time Hannis allegedly made these statements, the Bank possessed an in-house appraisal valuing the property of the Olney Inn Motel at $60,000. The Bank, however, did not have any appraisal based on the going concern value of the motel.

The Berrys filed this lawsuit against the Bank in April 1992, alleging violations of a fiduciary duty allegedly created because Hannis stated the deal was a "good deal" and the Bank possessed an appraisal on the property that it did not disclose to the Berrys. After filing an answer, the Bank filed a motion for summary judgment. The trial court granted the motion for summary judgment.

In points of error one, three, and four, the Berrys assert the trial court erred: (1) in granting the motion for summary judgment because a genuine issue of material fact existed on whether a fiduciary relationship existed between the Berrys and the Bank; (2) in ruling that, as a matter of law, no fiduciary relationship existed between the Berrys and the Bank because the Berrys alleged material facts showing the existence of a fiduciary relationship; and (3) in ruling that no fiduciary relationship existed because the existence of a fiduciary relationship was a question of fact to be determined by the trier of fact. We disagree.

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *See* Tex. R.Civ.P. 166a(c); *Cate v. Dover Corp.*, 790 S.W.2d 559, 562 (Tex.1990); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, *Acker v. Texas Water Comm'n*, 790 S.W.2d 299, 301–02 (Tex.1990), and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Cate*, 790 S.W.2d at 562; *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.*, 391 S.W.2d 41, 47 (Tex.1965). All conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Ins. Co.*, 480 S.W.2d 176, 178 (Tex.1972). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47. Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Id.*

Here, the Bank asserted in its motion for summary judgment that it owed no duty to the Berrys under the facts of this case. The Berrys, however, claim that a material fact issue existed on whether a fiduciary or an informal fiduciary relationship, also known as a special or confidential relationship, existed between them and the Bank. *See Crim Truck & Tractor v. Navistar Int'l Transp. Corp.,* 823 S.W.2d 591, 594 (Tex.1992).

Generally, whether a fiduciary or confidential relationship exists is a question of fact. *Navistar,* 823 S.W.2d at 594; *Crutcher v. Continental Nat'l Bank,* 884 S.W.2d 884, 886 (Tex.App.—El Paso 1994, writ denied) (citing *Schiller v. Elick,* 150 Tex. 363, 240 S.W.2d 997, 999 (1951) and *Page Airways, Inc. v. Associated Radio Serv. Co.,* 545 S.W.2d 184 (Tex.Civ.App.—San Antonio 1976, writ ref'd n.r.e.)). Furthermore, fiduciary relationships include informal relationships that exist whenever one party relies on and trusts another. *FDIC v. Coleman,* 795 S.W.2d 706, 708–09 (Tex.1990); *Crutcher,* 884 S.W.2d at 886. The relationship between a bank and its customers, however, does not generally create a special or fiduciary relationship. *Thigpen v. Locke,* 363 S.W.2d 247, 253 (Tex.1962); *Manufacturers Hanover Trust Co. v. Kingston Investors Corp.,* 819 S.W.2d 607, 610 (Tex.App.—Houston [1st Dist.] 1991, no writ); *Victoria Bank & Trust Co. v. Brady,* 779 S.W.2d 893, 902 (Tex. App.—Corpus Christi 1989), *rev'd in part on other grounds,* 811 S.W.2d 931 (Tex.1991). Therefore, the Berrys must have alleged in their petition and response to the motion for summary judgment specific facts showing a special or fiduciary duty to create a material fact issue on whether a fiduciary or special relationship existed between them and the Bank.

The Berrys argue that the following four facts presented in their petition and response to the motion for summary judgment created a material fact issue on whether a fiduciary or special relationship existed between them and the Bank:

(1) The Bank had knowledge and possession of a substantially lower appraisal value for the motel, and the Berrys would not have entered into the loan had they known about the appraisal;[1]

(2) The Bank's possession of the appraisal coupled with its superior knowledge of the Olney area created an imbalance in the bargaining power between the parties;

(3) The Bank's superior bargaining power effectively precluded the Berrys from exploring opportunities to conduct independent appraisals or negotiate a fair market purchase price for the property; and

(4) Hannis's statement that the purchase of the property was a "good deal" changed the Bank's role from a mere creditor to an adviser.

Of these four facts, numbers one, two, and three are evidence of a possible breach of a fiduciary relationship, but are not evidence on whether a fiduciary or special relationship existed between the Bank and the Berrys. The Berrys cannot use these facts to show the *existence* of a fiduciary relationship. Therefore, the only fact presented by the Berrys to show that a fiduciary or special relationship existed between them and the Bank was Hannis's statement that the purchase of the property was a "good deal." This statement alone fails to create a genuine issue of material fact on whether a special or fiduciary relationship existed between the Bank and the Berrys. Therefore, the trial court properly granted summary judgment because there was no material fact issue on whether a special or fiduciary relationship existed between the Bank and the Berrys. We overrule points of error one, three, and four.

In point of error two, the Berrys assert the trial court erred in considering Benny Berry's deposition testimony on the issue of a fiduciary relationship because the deposition was taken prior to the Berrys having knowledge of the facts and affirmative pleading of

---

1. The Bank's appraisal involved only the property value, not the value of the motel as a going concern. The property value of a going business, such as the motel, is only one factor considered in determining the purchase price for that business.

a cause of action against the Bank.[2] To support this point of error, the Berrys argue the following:

It is clear upon review of the trial record that First National Bank specifically offered and argued only the deposition testimony of Benny Berry in moving for summary judgment; *all other arguments of First National Bank as against the existence of a special or fiduciary relationship were predicated solely on alleged no evidence points as against the Berrys. As argued in Point of Error Number One, above, the Berrys did produce evidence in the form of affidavit testimony which raises genuine issues of material fact.* Thus, the admission of [Benny Berry's deposition] being improper, First National Bank produced no evidence upon which summary judgment could properly be granted. [Emphasis added.]

As discussed previously, no material fact issue existed on whether a special or fiduciary relationship existed between the Bank and the Berrys because the Berrys failed to allege any facts to show such a relationship. Therefore, Benny Berry's deposition was irrelevant. We overrule point of error two.

In point of error five, the Berrys assert the trial court erred in ruling that no causal relationship existed between the alleged misconduct by the Bank and the damages suffered by the Berrys. The Berrys assert that because the trial court could not grant summary judgment on the existence of a special or fiduciary relationship, then it would also be precluded from finding no causal relationship. Because we hold the trial court properly found no fiduciary or special duty between the Bank and the Berrys, we overrule point of error five.

We affirm the trial court's granting of summary judgment.

2. Benny Berry's deposition stated that Benny Berry relied solely on the figures provided by

Jenne in deciding whether to purchase the motel.