**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 30, 2009

Charles R. Fulbruge III
Clerk

No. 09-40256
Summary Calendar

CLARENCE JONES,

Plaintiff-Appellant,

versus

RICHARD ALFRED, Warden; LOREN EDWARDS, Chaplain;
JEREMIAH WITT, Correctional Officer II,

Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of Texas
No. 9:08-CV-65

Before DAVIS, SMITH, and OWEN, Circuit Judges.

JERRY E. SMITH, Circuit Judge:[*]

Clarence Jones, a state prisoner, appeals a summary judgment in favor of

the defendant prison officials on his claims under the Religious Land Use and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Institutionalized Persons Act ("RLUIPA") and 42 U.S.C. § 1983. He asserts that he was denied the right to attend Muslim religious services while on cell restriction. The defendants do not deny the assertion but say that prisoners on cell restriction were not allowed to attend religious services, pursuant to a prison policy (AD-03.70) that has since been changed. We affirm.

We review a summary judgment *de novo. Mayfield v. Tex. Dep't of Criminal Justice*, 529 F.3d 599, 603 (5th Cir. 2008). Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). "We are not bound by the reasons articulated by the district court . . . and may affirm the judgment on other grounds." *Chriceol v. Phillips*, 169 F.3d 313, 315 (5th Cir. 1999).

As the district court recognized, Jones's request for injunctive relief to allow prison inmates on cell restriction to attend religious services is moot.[1] Texas officials amended the applicable policy to allow for the very thing Jones asked for.[2]

Furthermore, the "voluntary cessation" exception to mootness is inapplicable. As we stated in *Sossamon v. Texas*, 560 F.3d 316, 325 (5th Cir. 2009), *petition for cert. filed*, 77 U.S.L.W. 3657 (May 22, 2009) (No. 08-1438), "Without evidence to the contrary, we assume that formally announced changes to official government policy are not mere litigation posturing," and "[w]e will not require

---

[1] To the extent that Jones, at one point or another, requested injunctive relief to remedy other purported violations, his failure to brief those arguments on appeal constitutes waiver. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007) ("Although we liberally construe pro se briefs, such litigants must still brief contentions in order to preserve them.").

[2] As Jones, despite protestations, admits, "Now that I've render it Invalid, They want to CHANGE, WHY? When all damage has already been done. Now in the courthouse. Now had "I NOT" render it invalid, It would still be a tool to harass and discriminate etc . . . ."

some physical or logical impossibility that the challenged policy will be reenacted absent evidence that the voluntary cessation is a sham for continuing possibly unlawful conduct." Indeed, in *Sossamon* we relied in good faith on a director's affidavit, whereas here we have evidence of an actual change in the policy.

The district court also properly dismissed Jones's claims for damages under RLUIPA, which does not provide any cause of action for individual-capacity claims. *Id.* at 329. Assuming *arguendo* that RLUIPA provides an action for official-capacity damages, those claims are barred by sovereign immunity. *Id.*. And, to the extent that Jones did not waive on appeal his earlier request for punitive damages, that bar applies to compensatory and punitive damages. *See id.* at 331.

The same is true for Jones's constitutional claims. "Section 1983 does not provide a cause of action against states or state employees in their official capacities for damages." *Id.* at 336. As for personal-capacity damages, just as the prisoner-plaintiff in *Sossamon*, Jones "has pointed to no cases that render the defendants' actions . . . under . . . the cell restriction policy . . . unreasonable in light of clearly established federal law" to get around qualified immunity. *Id.*

Summary judgment on the remainder of Jones's claims is also proper.[3] In each instance, he either relies on "conclusory allegations, improbable inferences, and unsupported speculation" for support, *see Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), or fails to brief the issue sufficiently, *see, e.g.*, *Longoria*, 507 F.3d at 901. As to the former, to be sure, the movant has the initial burden of demonstrating the absence of an issue of material fact, *St. Paul Ins. Co. v. AFIA*

---

[3] Take, for example, Jones's Eighth Amendment claim. Even had we reached that issue, Jones could not recover compensatory damages, because he did not contend that he suffered physical injuries. *See, e.g.*, *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir. 1997). And his allegations certainly do not suggest a deprivation of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 824, 834 (1994) (internal quotations omitted).

*Worldwide Ins. Co.*, 937 F.2d 274, 279-80 (5th Cir. 1991), but once he has done so, the nonmoving party is not entitled to rest on bare assertions. And as to the latter, our "responsibility to construe *pro se* filings liberally," *Sossamon*, 560 F.3d at 322 n.3, does not mean that we will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing.

The judgment is AFFIRMED. Jones's motion to correct his brief is GRANTED.