# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30096
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 22, 2014

Lyle W. Cayce
Clerk

STEPHEN P. COOK,

Plaintiff – Appellant

v.

WILLIE GRAVES, In His Capacity as Sheriff of Livingston Parish; DENNY
PERKINS, Livingston Parish Deputy; JASON ARD, In His Capacity as
Sheriff of Livingston Parish,

Defendants – Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:12-CV-258

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Stephen Cook, proceeding *pro se*, appeals the Magistrate Judge's grants
of summary judgment and judgment as a matter of law. Finding no error, we
AFFIRM.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-30096

## FACTUAL BACKGROUND

Deputy Denny Perkins, among other deputies and officers from the Denham Springs Police Department, executed a search warrant on an apartment we refer to as the "Blocker Residence." The officers sought the search warrant after receiving an anonymous tip that residents Dustin and Kelli Blocker were illegally selling prescription drugs. Before executing the warrant, however, the officers saw Plaintiff Stephen Cook enter the residence. When they executed the warrant, Cook tried to leave, but the officers detained him. The officers instructed Cook on his *Miranda* rights, and Cook said that he understood. The officers searched the residence and found evidence of drug use and distribution. The officers next patted Cook down, finding a cell phone containing text messages that related to drug transactions. Cook admitted that he had marijuana at his home and provided signed consent to search his residence. The officers searched Cook's residence and found marijuana and drug paraphernalia.

Subsequently, Cook sued Deputy Perkins and Sherif Graves in Louisiana court, alleging violations of 42 U.S.C. § 1983 and Louisiana law. Cook alleged that he was struck on the back of the head by an unknown deputy when the officers started the search and that during the search Deputy Perkins punched him. Defendants removed the case to federal court and filed motions for summary judgment. The Magistrate Judge granted summary judgment as to Cook's claims against Sheriffs Graves and Ard on all claims except for Cook's state law vicarious liability claim against Sherriff Ard. The Magistrate Judge also granted summary judgment as to all of Cook's claims except for Cook's § 1983 claim for excessive use of force and his state law claim for battery. At trial Cook called one witness and then rested his case. The Magistrate Judge granted judgment as a matter of law in favor of the defendants.

2

No. 14-30096

## DISCUSSION

Construing Cook's brief liberally, he asserts that the Magistrate Judge made three errors. First, he argues that he was not allowed to argue that the search warrant was invalid at trial. Second, he argues that Appellees' attorney interfered with Cook's examination of Deputy Perkins by objecting. Third, he argues that his case was "excessively" streamlined.[1] We review Cook's appeal from summary judgment and judgment as a matter of law *de novo. Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013); *Evans v. Ford Motor Co.*, 484 F.3d 329, 334 (5th Cir. 2007).

None of Cook's arguments calls into question the Magistrate Judge's grant of summary judgment or grant of judgment as a matter of law. To start, at trial Cook presented only Perkins's testimony on his excessive force claim before resting his case. Cook points to no record evidence demonstrating that Perkins's testimony satisfied the elements of Cook's claim. *See, e.g., Manis v. Lawson*, 585 F.3d 839, 843 (5th Cir. 2009) ("To prevail on an excessive force claim, a plaintiff must show '(1) an injury, (2) which resulted directly and only from the use of force that was clearly excessive, and (3) the excessiveness of which was clearly unreasonable.'"). Nor does Cook highlight any record evidence supporting his argument that Appellees' counsel was unduly disruptive of Deputy Perkins's testimony. Moreover, Cook moved *in limine* to exclude all evidence relating to the search warrant at trial, and the district court granted the motion because any evidence relating to the search warrant was "not relevant to any of the issues that will be tried." Accordingly, the record

---

[1] Much of Cook's brief consists of "[g]eneral arguments without citations to any error" and "are insufficient to preserve issues for appeal." *Mackey v. Astrue*, 486 F. App'x 421, 422 (5th Cir. 2012) (citing *Brinkmann v. Dall. Cnty. Deputy Sherriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987)).

3

No. 14-30096

reveals no error by the Magistrate Judge in granting judgment as a matter of law.

Further, Cook does not point to record evidence creating a genuine issue of material fact as to render the Magistrate Judge's grant of summary judgment erroneous. "[O]ur responsibility to construe *pro se* filings liberally does not mean that we will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff in the absence of meaningful, albeit imperfect, briefing." *Jones v. Alfred*, 353 F. App'x 949, 950 (5th Cir. 2009) (internal citation and quotation marks omitted). Accordingly, the Magistrate Judge did not err in granting summary judgment. Fed. R. Civ. P. 56 (a).

## CONCLUSION

For the above stated reasons, we AFFIRM.

4