# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 14, 2026

Lyle W. Cayce
Clerk

————————

No. 25-10969
Summary Calendar

————————

Venky Venkatraman,

*Plaintiff—Appellant*,

*versus*

Bank of America, N.A.,

*Defendant—Appellee*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2821

————————————————————

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:[*]

In January 2023 Venky Venkatraman was persuaded by scammers to deposit money orders and cashier's checks amounting to $94,345 into various Bank of America accounts. He sued Bank of America, N.A. ("BOA") in Texas state court in October 2024, alleging that he was harmed by BOA's fraud and negligence. BOA removed the case to federal district

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court in the Northern District of Texas.  BOA moved to dismiss, and the district court granted the motion to dismiss with leave to file an amended complaint within twenty-eight days of the dismissal.  Venkatraman filed an amended complaint alleging negligence, negligent enablement of fraud, breach of contract, and violations of federal and state banking laws and Texas consumer protection laws.  BOA again moved to dismiss, and the district court granted the motion with prejudice.  Venkatraman timely appealed.

On appeal, Venkatraman argues that the district court erred in dismissing his claims.  Specifically, he argues the district court improperly held that BOA owed him no duty and had no fiduciary relationship with him despite his longstanding customer relationship with the bank.  He also argues that the district court improperly dismissed his fraud-related claims for failure to satisfy the Federal Rule of Civil Procedure 9(b) pleading standard, that his breach of contract claim failed to allege a contract with adequate specificity, and that he was not a "consumer" for purposes of the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA").  He also argues the district court abused its discretion by dismissing his claims with prejudice without allowing his request for further amendment, particularly given that he was a pro se plaintiff, and failed to apply the liberal pleading standard for pro se complaints.

None of Venkatraman's arguments are persuasive.  First, the district court correctly held that BOA owed no duty of care to Venkatraman to prevent third parties from carrying out fraudulent transactions using their own accounts. *See Taya Agric. Feed Mill Co. v. Byishimo*, No. 22-20239, 2022 WL 17716383, at *2 (5th Cir. Dec. 14, 2022) (unpublished) ("[B]anks do not owe duties to non-customers under Texas law."); *Midwestern Cattle Mktg., L.L.C. v. Legend Bank, N.A.*, 800 F. App'x 239, 247–48 (5th Cir. 2020) (unpublished) (rejecting argument that bank has a general duty to prevent fraud affecting non-customers). Texas courts have held that banks do not

owe duties to third parties in opening potentially fraudulent accounts, citing a lack of foreseeable danger. *Owens v. Comerica Bank*, 229 S.W.3d 544, 547 (Tex. App.—Dallas 2007, no pet.) ("It is, of course, possible that any bank account may be used for a wrongful purpose. But we see nothing in the facts of this case that would lead [the bank] to anticipate a danger of injury to another when it opened and maintained the [fraudulent accounts]."). Neither Venkatraman's status as a longtime BOA customer nor his later interactions with BOA to obtain a partial refund, changes this analysis, because these allegations do not affect this foreseeability rationale: Venkatraman's injury from deposits made into third-party BOA accounts was no more foreseeable because he was a customer with respect to other transactions, or because he later sought return of his funds. BOA thus could not be liable for negligence or, even assuming such a cause of action exists under Texas law, negligent enablement of fraud. *See Bibicheff v. PayPal, Inc.*, No. 2:17-cv-4679, 2020 WL 2113373, at *5 (E.D.N.Y. May 4, 2020) (unpublished) (rejecting proposed cause of action for "negligent enablement of imposter fraud").

Venkatraman's breach of contract and breach of fiduciary duty claims likewise lack crucial elements. Venkatraman does not allege that a specific contract between himself and BOA exists or indicate a "specific provision in the contract that was breached." *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) (per curiam) (unpublished). Additionally, an ordinary bank-customer relationship does not give rise to fiduciary duties under Texas law without "specific facts showing a special or fiduciary duty." *Berry v. First Nat'l Bank of Olney*, 894 S.W.2d 558, 560 (Tex. App.—Fort Worth 1995, no pet.). Therefore, Venkatraman's arguments that he was himself a longtime BOA customer—even though he withdrew the relevant cashier's checks from Capital One Bank and Chase Bank—and that he received guidance from BOA after he deposited money into the scammers'

accounts are unavailing on this issue as well. *See Willis v. Donnelly*, 199 S.W.3d 262, 277 (Tex. 2006) ("There can be no liability for alleged breaches of a [fiduciary] duty that occurred before the [fiduciary] duty arose.").

Similarly, Venkatraman cannot obtain relief under the DTPA. Venkatraman was not a consumer for purposes of the Texas DTPA because he did not purchase "goods" or "services" as defined by the DTPA, Tex. Bus. & Com. Code § 17.45(1), (2), (4), which is required to bring a DTPA claim based on acts "relied on by a consumer to the consumer's detriment," *id.* § 17.50(a)(1)(B); *see Schmueser v. Burkburnett Bank*, 937 F.2d 1025, 1028–29 (5th Cir. 1991) (rejecting argument that a bank's lending money for indirect payment of the plaintiffs counts as "services" under the DTPA); *First State Bank, Morton v. Chesshir*, 634 S.W.2d 742, 744, 747 (Tex. App.—Amarillo 1982, writ ref'd n.r.e.) (similar, with respect to purchasing a certificate of deposit). Even if Venkatraman were a consumer for purposes of the DTPA, he fails to plead sufficiently specific facts supporting this claim. *See Berry v. Indianapolis Life Ins. Co.*, 608 F. Supp. 2d 785, 800 (N.D. Tex. 2009) ("It is well established that claims alleging violations of the DTPA are subject to the requirements of Rule 9(b)." (citation modified)).

Nor did the district court err in its treatment of Venkatraman's pro se status. The magistrate judge's initial Report & Recommendation identified the pleading deficiencies in Venkatraman's initial complaint in detail, and, in response, Venkatraman added only a single, non-specific allegation (that he was a "25-year customer" of BOA) and additional unsupported claims. The failure to allege additional specific facts indicates that Venkatraman had presented his "best case," so the district court properly declined to give him leave to amend again. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). For the reasons set out above, even construing Venkatraman's amended complaint liberally, none of his claims stated a plausible claim for relief. *See Jones v. Alfred*, 353 F. App'x 949, 952 (5th Cir. 2009) (unpublished) ("Our

responsibility to construe *pro se* filings liberally does not mean that we will invent, out of whole cloth, novel arguments on behalf of a *pro se* plaintiff." (citation modified)).

The district court's judgment is AFFIRMED.