Alfred E. FOSTER, et ux., Appellants,

v.

MUTUAL SAVINGS ASSOCIATION, Appellee.

No. 18269.

Court of Civil Appeals of Texas, Fort Worth.

June 12, 1980.

and wife sued Mutual Savings Association for breach of contract for failing to reinstate and modify a loan on their home. The original loan was in default and foreclosure was threatened. The defendant claimed it was a new loan the terms of which were not reduced to writing and signed by either party and therefore, the oral agreement, if any, was not enforceable because of the statute of frauds.

We affirm.

After the Fosters had become in arrears on their loan to Mutual, Mr. Foster had numerous contacts with officers of Mutual in an attempt to reinstate the loan and prevent foreclosure.

Foster, in his deposition, testified that Bill Gentry, an assistant vice president of Mutual, agreed with him to make a new loan. Foster was in default four monthly payments at this time. He was to pay these back payments and to increase the amount to be paid in escrow for taxes and insurance and the interest rate was to be increased to 8.75%. The amount of the monthly payments was to be increased and the length of the loan was to be changed.

The Fosters signed no instruments. Pursuant to the agreement Mutual sent a closing memorandum to Rattikin Title Company, who was to close the new loan. It contained requirements and instructions including the collection of fees and the payment of late charges and the signing of "Mutual's Reinstatement Agreement". It also instructed the title company to collect $1,344.00 for the February, March, April and May payments, and also the next payment to be due on June 1, 1976 in the amount of $354.77. Also, it instructed the title company to "Please furnish Letter of Guaranty validing [sic] the existing mortgage title policy." A note and deed of trust were also to be prepared and signed.

This written memorandum to the title company was not signed. At the bottom of the document appeared the following:

William D. Campbell, Fort Worth, for appellant.

Hudson, Keltner, Smith, Cunningham & Payne, and Donald E. Herrmann, Fort Worth, for appellee.

## OPINION

SPURLOCK, Justice.

This is an appeal from a summary judgment granted defendant. Alfred E. Foster

"FOR ASSOCIATION USE ONLY

" . .

"Authorization Bill Gentry

"Approved _____

"Loan Number # 16–040253–7".

The name of Bill Gentry was typed rather than signed and the space providing for "Approved" was left blank. The Fosters claim that this is sufficient to satisfy the statute of frauds if the statute of frauds even applies.

Foster had arranged to pay the total amount of money demanded. He was instructed to pay it to the title company at closing. The title company did a title check and notified Mutual that the Fosters had sold an easement to the City for $2,500 net to the Fosters and they could not guarantee title. This sale was made after the original loan was made. Mutual then notified the Fosters they would have to pay the additional sum of $2,500 before they would make a new loan. This represents the net amount the Fosters had received for the sale of the easement. Fosters could not obtain the money. The Fosters were notified by Mutual that the property would be foreclosed on the first Tuesday in July, being July 6, and this notification occurred about June 14. The property was sold under deed of trust sale on July 6, 1976.

The purchaser of this property at the deed of trust sale was a party to the suit but was dismissed and that cause of action is not before us. The only cause of action before us is that alleging damages for breach of the oral contract stated above.

The summary judgment recited that the Fosters suit is barred by the statute of frauds, Tex.Bus. & Comm.Code Ann. § 26.01 (1968).

■ The Fosters assert error in the granting of the summary judgment because the statute of frauds is not applicable as a matter of law, that the memorandum to the title company with the name of Gentry appearing on it satisfied the statute of frauds, and that Mutual is estopped to assert the statute of frauds.

Under the facts in this case the test of whether the statute of frauds (§ 26.01 Tex. Bus. and Comm.Code) applies was stated in the case of *Kistler v. Latham*, 255 S.W. 983 (Tex.Com.App.1923, judgment adopted). In that case an oral modification of an agreement to give a deed of trust was held to be unenforceable. The rule there stated is:

"There is much force in the proposition that where parties have reduced their entire agreement to writing, any subsequent modification of it, other than perhaps a mere extension of the time of performance, constitutes a new contract, and, if the subsequent modification rests in parol, then the entire contract rests in parol. In other words, an agreement to change the terms of a contract in some material respect is in effect the making of a new contract, the existence of which opens up for proof 'the question of the terms of the entire contract." 255 S.W. at 985.

See also *Robertson v. Melton*, 131 Tex. 325, 115 S.W.2d 624 (Tex.Com.App.1938, opinion adopted); *Michael v. Busby*, 162 S.W.2d 662 (Tex.1942).

The alleged agreement in the case before us modified the original note and deed of trust with respect to the percentage of interest to be paid, the amounts of the installments, the security rights under the existing deed of trust including its right to foreclose, the terms of the remaining balance of the loan, the amount of monthly payments, the date of the first payment, the interest rate, the amount to be paid monthly for taxes and insurance.

We hold that there was material modification of the original contract and that it comes within the statute of frauds.

For a case factually similar see *Zeluff v. Ekman*, 386 S.W.2d 838 (Tex.Civ.App.— Houston 1965, no writ).

The Fosters contend that since the name of Gentry appeared in the memorandum referred to above the statute of frauds was satisfied.

The rule prevailing in this state is stated in the Restatement of the Law of Contracts, which is as follows:

> § 210. Requisite of Signature to a Memorandum. The signature to a memorandum under the Statute may be written or printed and need not be subscribed at the foot of the memorandum, but must be made or adopted with the declared or apparent intent of authenticating the memorandum as that of the signer.

Texas follows this rule. *Mondragon v. Mondragon*, 113 Tex. 404, 257 S.W. 215 (1923).

The requirement is that the typewritten signature must be made or adopted with the declared or apparent intent of authenticating the memorandum. The instructions to the title company do not meet this requirement. The name appears in the section marked "FOR ASSOCIATION USE ONLY," and no name appears in the blank entitled "APPROVED."

In addition thereto, the same memorandum required a guarantee of existing mortgage title policy. After the original loan was made, the Fosters conveyed an easement across a part of this property. This fact caused the title company to refuse to furnish a letter guaranteeing the title policy.

The requisite for signature was not satisfied.

The Fosters contend that Mutual is estopped from relying upon the statute of frauds.

The Fosters were notified of the foreclosure sale after the oral agreement of May 26, 1976 to reinstate the loan. Mr. Foster testified that he knew the foreclosure sale would be completed on July 6, 1976 and that Mutual did nothing to indicate intent not to foreclose. He admitted he was not misled or deceived by the action of Mutual. In the case of *Southern National Bank of Houston v. Blakeway*, 487 S.W.2d 234 (Tex. Civ.App.—Houston 1972, writ ref'd n. r. e.), under a similar fact situation that court held that when the statute of frauds applied the doctrine of promissory estoppel was not applicable.

The Fosters rely upon *"Moore" Burger, Inc. v. Phillips Petroleum Company*, 492 S.W.2d 934, 937 (Tex.1972). That court followed the Restatement, Contracts, § 90 in these words:

> "A promise which the promisor should reasonably expect to induce action or forbearance of a definite and substantial character on the part of the promisee and which does induce such action of forbearance is binding if injustice can be avoided only by enforcement of the promise."

In *"Moore" Burger*, p. 937, this court followed the Restatement, § 178, comment F, in these words:

> "Though there has been no satisfaction of the Statute, an estoppel may preclude objection on that ground in the same way that objection to the nonexistence of other facts essential for the establishment of a right or a defence may be precluded. A misrepresentation that there has been such satisfaction if substantial action is taken in reliance on the representation, precludes proof by the party who made the representation that it was false; . . . . ."

The Fosters did not qualify for relief under this rule because they did not show any promise which induced action or forbearance on their part. They were in default, they continued in default, and were unable to pay the debt when notice was posted and the foreclosure made. They took no action to cure the default or change their position in any manner. Therefore no injustice resulted by the enforcement of the statute of frauds.

Each point has been severally considered and each is overruled.

Judgment affirmed.