# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 16, 2012

Lyle W. Cayce
Clerk

No. 11-10983
Summary Calendar

EARL H. MACKEY, III,

Plaintiff - Appellant

v.

MICHAEL J. ASTRUE, Commissioner, Social Security Administration;
TEXAS REHABILITATION COMMISSION,

Defendants - Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:10-CV-105

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Earl H. Mackey, III, proceeding *pro se*, challenges the district court's dismissal of his action against the Texas Department of Assistive Rehabilitative Services (DARS) and Micheal J. Astrue, Commissioner of Social Security. We affirm.

In 2008, Mackey applied for a period of disability and for disability insurance benefits, pursuant to Title II of the Social Security Act. The Commissioner denied Mackey's application, initially and upon reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-10983

An Administrative Law Judge (ALJ) held a hearing on Mackey's application and held that Mackey did not qualify for disability insurance. The ALJ's decision became the Commissioner's final decision after the Appeals Council denied Mackey's request for review. This action, in which Mackey seeks $972,000 in past benefits and $1,000,000,000 in punitive damages, followed.

Mackey's action: (1) seeks judicial review of the Commissioner's denial of disability benefits, under 42 U.S.C. § 405(g); (2) claims criminal conspiracy against his constitutional rights, in violation of 18 U.S.C. § 241; and (3) claims the denial of disability benefits as discrimination against him, in violation of 42 U.S.C. § 1983. The district court dismissed the § 405(g) claim against the Commissioner, finding the Commissioner applied the proper legal standards and substantial evidence in the record supported the decision to deny benefits. *See Audler v. Astrue*, 501 F.3d 446, 447 (5th Cir. 2007). The court dismissed the § 405(g) claim against DARS on Eleventh Amendment immunity grounds. The court dismissed the § 241 claim against both parties because it is a criminal statute and does not provide for civil remedies. Finally, the court dismissed the § 1983 claims, against the Commissioner because he was a federal official acting under color of *federal* law, not state law, and against DARS on Eleventh Amendment immunity grounds.

On appeal, Mackey does not address the merits or reasoning of the district court's dismissal of his claims. Rather, he recounts his past failed attempts at obtaining disability insurance and generally accuses defendants of discriminating against him by not granting his requests. He also complains of not having counsel appointed to him for this appeal, a request we previously denied because Mackey failed to demonstrate exceptional circumstances warranting the appointment of counsel.

No. 11-10983

Although we "liberally construe" the filings of *pro se* litigants and "apply less stringent standards to parties proceeding pro se than to parties represented by counsel," *pro se* appellants must still comply with the principles of appellate procedure. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (citation omitted). The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies" and "for each issue, a concise statement of the applicable standard of review." Fed. R. App. P. 28(a)(9); *see Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). General arguments without citations to any error are insufficient to preserve issues for appeal. *See Brinkmann v. Dall. Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (stating that failure to identify any error in district court's analysis is as if appellant had not appealed judgment).

Because Mackey fails to address the district court's reasons for dismissing his claims, he has abandoned all issues on appeal. Furthermore, even if Mackey had not abandoned these issues, a review of the district court's order and its reasoning shows that his claims were properly dismissed. Accordingly, the judgment of the district court is

AFFIRMED.

3